**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

JESUS LOYA QUEZADA,

    Petitioner - Appellant,

v.

RICK RAEMISCH, Executive Director,
Colorado Department of Corrections; THE
ATTORNEY GENERAL OF THE STATE
OF COLORADO,

    Respondents - Appellees.

No. 19-1136
(D.C. No. 1:18-CV-01924-CMA)
(D. Colo.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **McHUGH**, **KELLY**, and **MORITZ**, Circuit Judges.
_____

Jesus Loya Quezada, a Colorado prisoner proceeding pro se, seeks a certificate

of appealability (COA) to appeal the district court's order dismissing his 28 U.S.C.

§ 2254 petition.[1] For the reasons explained below, we deny Quezada's request for a

COA and dismiss this matter.

---

    [*] This order isn't binding precedent, except under the doctrines of law of the
case, res judicata, and collateral estoppel. But it may be cited for its persuasive value.
_See_ Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

    [1] Because Quezada appears pro se, we liberally construe his pleadings. _See_
_Yang v. Archuleta_, 525 F.3d 925, 927 n.1 (10th Cir. 2008). But we won't act as his
advocate. _See id._

Quezada is serving a 16-year sentence for possessing cocaine with the intent to distribute it. The evidence at trial included testimony from a confidential informant who said that Quezada offered to sell him nearly a kilogram of cocaine. The informant then visited Quezada's home and saw the cocaine in the kitchen. Based in part on the informant's report, law enforcement obtained a warrant to search Quezada's home (and any vehicles on the curtilage of his home) for drugs. They found 944 grams of cocaine in a truck parked in Quezada's driveway. The state also introduced at trial a fingerprint card purporting to contain Quezada's fingerprints; it used the card to show that Quezada's fingerprints were on the cocaine.

On direct appeal, Quezada argued that (1) the search warrant was invalid because it lacked a nexus between the alleged criminal activity and the place to be searched, and (2) the trial court erroneously admitted the fingerprint card without a proper foundation and in violation of his rights under the Confrontation Clause. The Colorado Court of Appeals (CCA) rejected Quezada's arguments and affirmed his conviction and sentence. *People v. Loya-Quezada*, No. 14CA1229, slip op. at 20 (Colo. App. Aug. 17, 2017) (unpublished). It found that the informant's report of cocaine in the kitchen "would lead a person of reasonable caution to believe that a fair probability existed that the contraband would be found on the premises, including the curtilage of the home, which would include the truck parked in the driveway." *Id.* at 7. Next, the CCA concluded that although the trial court erred in admitting the fingerprint card without a proper foundation, the error was harmless because of the overwhelming evidence against Quezada. *See id.* at 13–14. Likewise,

2

the CCA found that any Confrontation Clause violation arising from admission of the fingerprint card was also harmless. *See id.* at 14–15.

Quezada then filed a petition for habeas relief in federal district court, again challenging the validity of the search and the admission of the fingerprint evidence. The district court denied both claims. It first concluded that the Fourth Amendment claim was barred by *Stone v. Powell*, 428 U.S. 465 (1976). *Stone* held that as long as the state "provided [the petitioner with] an opportunity for full and fair litigation of a Fourth Amendment claim," a federal court may not grant habeas relief on such a claim. 428 U.S. at 494. The phrase "full and fair litigation" means (1) "the procedural opportunity to raise or otherwise present a Fourth Amendment claim," (2) a "full and fair evidentiary hearing," and (3) "recognition and at least colorable application of the correct Fourth Amendment constitutional standards." R. 49 (quoting *Gamble v. Oklahoma*, 583 F.2d 1161, 1165 (10th Cir. 1978)); *see also United States v. Lee Vang Lor*, 706 F.3d 1253, 1257–58 (10th Cir. 2013) (explaining standards for Fourth Amendment claims brought in habeas proceedings).

Applying these standards to this case, the district court noted that Quezada had the opportunity to and did litigate his Fourth Amendment claim at a suppression hearing in state trial court. Further, the district court's review of the suppression hearing revealed that "the trial court thoughtfully considered and applied appropriate Supreme Court precedent" to properly reject the motion to suppress. R. 49. Thus, the district court concluded, Quezada's Fourth Amendment claim was "barred by *Stone*." *Id.* at 50.

Next, the district court rejected Quezada's claims based on the improperly admitted fingerprint card. It began by noting that federal habeas relief isn't available for errors of state law. *See Estelle v. McGuire*, 502 U.S. 62, 67 ("[F]ederal habeas corpus relief does not lie for errors of state law." (quoting *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990))). Instead, the district court explained, the question on habeas review is whether the admission of the challenged evidence "render[ed] the trial fundamentally unfair." R. 54 (quoting *Lott v. Trammell*, 705 F.3d 1167, 1190 (10th Cir. 2013)). And the district court found no fundamental unfairness in Quezada's case because even ignoring the improperly admitted fingerprint evidence, the state presented other overwhelming evidence of Quezada's guilt. For example, the informant testified that Quezada offered to sell him nearly a kilogram of cocaine; law enforcement found nearly a kilogram of cocaine in the truck; Quezada admitted the truck was his; the state introduced evidence that the truck was registered to Quezada; and Quezada admitted that he knew the cocaine was in his truck and told conflicting stories about how it ended up there.

For similar reasons, the district court also denied relief on the Confrontation Clause element of this claim. Referencing the CCA's harmlessness ruling on this claim, the district court noted that "a federal court may not award habeas relief under § 2254 unless [the state court's] harmlessness determination itself was unreasonable." R. 58 (quoting *Davis v. Ayala*, 135 S. Ct. 2187, 2199 (2015)). And it found nothing unreasonable in the CCA's decision, relying again on the overwhelming evidence against Quezada. In the alternative, the district court also

4

concluded that Quezada wasn't entitled to relief on this claim because he couldn't overcome the even higher harmlessness standard that applies in habeas cases. That is, in light of the overwhelming evidence against him, Quezada couldn't show that any Confrontation Clause violation arising from the erroneous admission of the fingerprint card "had [a] substantial and injurious effect" on the verdict. R. 59 (quoting *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993)). Thus, the district court denied Quezada's § 2254 petition.

Quezada now seeks to appeal, but he must first obtain a COA. *See* 28 U.S.C. § 2253(c)(1)(A). To do so, Quezada "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). He fails to meet this standard. As to the Fourth Amendment claim, Quezada does not point to any portion of the district court's decision as either debatable or wrong. Instead, he merely reiterates his position that the search violated his Fourth Amendment rights because "[t]here was no nexus between the alleged criminal activity and the search that was conducted." Aplt. Br. 3. This repetition does nothing to convince us of any debatable aspect of the district court's sound resolution of this constitutional claim. *See Slack*, 529 U.S. at 484.

A liberal reading of Quezada's brief suggests a slightly stronger argument related to the two claims stemming from the admission of the fingerprint card. *See Yang*, 525 F.3d at 927 n.1. Quezada states, without elaboration, that (1) the informant was "inconsistent" and "always changing the story"; and (2) "[t]he vehicle

5

[r]egistration presented in trial does not belong to the vehicle in question." Aplt. Br. 4. Quezada thus appears to challenge the district court's conclusion that the evidence against him was overwhelming—a conclusion that was central to the district court's resolution of these two constitutional claims.

But Quezada didn't raise this challenge in the district court, and we decline to consider it for the first time on appeal. *See United States v. Viera*, 674 F.3d 1214, 1220 (10th Cir. 2012). Moreover, even if we were to accept these two evidentiary allegations, they don't render debatable the district court's assessment that the evidence against Quezada was overwhelming: the quantity of cocaine found in the truck corroborated the informant's story, and there was other evidence that Quezada owned the truck (namely, Quezada admitted the truck was his and "his name was embroidered on the dashboard"). R. 56; *see also Slack*, 529 U.S. at 484.

Accordingly, we deny Quezada's COA request and dismiss this matter. And because Quezada hasn't demonstrated the existence of a reasoned, nonfrivolous argument on appeal, we also deny his motion to proceed in forma pauperis. *See DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991).

Entered for the Court

Nancy L. Moritz
Circuit Judge

6